UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**GLENN W.,**[1]

      **Plaintiff,**

v.

**KILOLO KIJAKAZI,
Acting Commissioner of Social Security,**

      **Defendant.**

Case No. 1:21-cv-2724
Magistrate Judge Norah McCann King

**OPINION AND ORDER**

This matter comes before the Court pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g), regarding the application of Plaintiff Glenn W. for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*. Plaintiff appeals from the final decision of the Commissioner of Social Security denying that application.[2] After careful consideration of the entire record, including the entire administrative record, the Court decides this matter pursuant to Rule 78(b) of the Federal Rules of Civil Procedure and Local Civil Rule 9.1(f). For the reasons that follow, the Court the Court reverses the Commissioner's decision and remands the matter for further proceedings.

**I.    PROCEDURAL HISTORY**

On August 31, 2018, Plaintiff filed his application for benefits, alleging that he had been disabled since March 18, 2018. R. 95, 113, 189–95. The application was denied initially and

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to plaintiffs in such cases by only their first names and last initials. *See also* D.N.J. Standing Order 2021-10.

[2] Kilolo Kijakazi, the Acting Commissioner of Social Security, is substituted as Defendant in her official capacity. *See* Fed. R. Civ. P. 25(d).

1

upon reconsideration. R. 114–19, 123–25. Plaintiff sought a *de novo* hearing before an administrative law judge. R. 186–88. Administrative Law Judge ("ALJ") Thomas Sanzi held a hearing on February 13, 2020, at which Plaintiff, who was represented by counsel, testified, as did a vocational expert. R. 49–82. In a decision dated March 13, 2020, the ALJ concluded that Plaintiff was not disabled within the meaning of the Social Security Act at from March 18, 2018, Plaintiff's alleged disability onset date, through the date of that decision. R. 33–43. That decision became the final decision of the Commissioner of Social Security when the Appeals Council declined review on January 4, 2021. R. 1–6. Plaintiff timely filed this appeal pursuant to 42 U.S.C. § 405(g). ECF No. 1. On June 7, 2021, Plaintiff consented to disposition of the matter by a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. ECF No. 8.[3] On June 8, 2021, the case was reassigned to the undersigned. ECF No. 9. The matter is ripe for disposition.

## II.     LEGAL STANDARD

### A.     Standard of Review

In reviewing applications for Social Security disability benefits, this Court has the authority to conduct a plenary review of legal issues decided by the ALJ. *Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000).  In contrast, the Court reviews the ALJ's factual findings to determine if they are supported by substantial evidence. *Sykes v. Apfel*, 228 F.3d 259, 262 (3d Cir. 2000); *see also* 42 U.S.C. §§ 405(g) & 1383(c)(3). The United States Supreme Court has explained this standard as follows:

Under the substantial-evidence standard, a court looks to an existing administrative

---

[3]The Commissioner has provided general consent to Magistrate Judge jurisdiction in cases seeking review of the Commissioner's decision. *See* Standing Order In re: Social Security Pilot Project (D.N.J. Apr. 2, 2018).

> record and asks whether it contains sufficien[t] evidence to support the agency's factual determinations. And whatever the meaning of substantial in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence, this Court has said, is more than a mere scintilla. It means – and means only – such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.

*Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (internal citations and quotation marks omitted); *see also Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citation and internal quotations omitted); *Bailey v. Comm'r of Soc. Sec.*, 354 F. App'x 613, 616 (3d Cir. 2009) (citations and quotations omitted); *K.K. ex rel. K.S. v. Comm'r of Soc. Sec.*, No. 17-2309, 2018 WL 1509091, at *4 (D.N.J. Mar. 27, 2018).

The substantial evidence standard is a deferential standard, and the ALJ's decision cannot be set aside merely because the Court "acting de novo might have reached a different conclusion." *Hunter Douglas, Inc. v. NLRB*, 804 F.2d 808, 812 (3d Cir. 1986); *see, e.g.*, *Fargnoli v. Massanari*, 247 F.3d 34, 38 (3d Cir. 2001) ("Where the ALJ's findings of fact are supported by substantial evidence, we are bound by those findings, even if we would have decided the factual inquiry differently.") (citing *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999)); *K.K.*, 2018 WL 1509091, at *4 ("'[T]he district court ... is [not] empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.'") (quoting *Williams v. Sullivan*, 970 F.2d 1178, 1182 (3d Cir. 1992)).

Nevertheless, the Third Circuit cautions that this standard of review is not "a talismanic or self-executing formula for adjudication." *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983) ("The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham."); *see Coleman v. Comm'r of Soc. Sec.*, No. 15-6484, 2016 WL 4212102, at *3 (D.N.J. Aug. 9, 2016). The Court has a duty to "review the evidence in its totality" and "take into account

whatever in the record fairly detracts from its weight." *K.K.*, 2018 WL 1509091, at *4 (quoting *Schonewolf v. Callahan*, 972 F. Supp. 277, 284 (D.N.J. 1997) (cleaned up)); *see Cotter v. Harris*, 642 F.2d 700, 706 (3d Cir. 1981) (stating that substantial evidence exists only "in relationship to all the other evidence in the record"). Evidence is not substantial if "it is overwhelmed by other evidence," "really constitutes not evidence but mere conclusion," or "ignores, or fails to resolve, a conflict created by countervailing evidence." *Wallace v. Sec'y of Health & Human Servs.*, 722 F.2d 1150, 1153 (3d Cir. 1983) (citing *Kent*, 710 F.2d at 114); *see K.K.*, 2018 WL 1509091, at *4.  The ALJ's decision thus must be set aside if it "did not take into account the entire record or failed to resolve an evidentiary conflict." *Schonewolf*, 972 F. Supp. at 284-85 (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Although an ALJ is not required "to use particular language or adhere to a particular format in conducting [the] analysis," the decision must contain "sufficient development of the record and explanation of findings to permit meaningful review." *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004) (citing *Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 119 (3d Cir. 2000)); *see K.K.*, 2018 WL 1509091, at *4. The Court "need[s] from the ALJ not only an expression of the evidence s/he considered which supports the result, but also some indication of the evidence which was rejected." *Cotter*, 642 F.2d at 705-06; *see Burnett*, 220 F.3d at 121 ("Although the ALJ may weigh the credibility of the evidence, he must give some indication of the evidence which he rejects and [the] reason(s) for discounting such evidence.") (citing *Plummer v. Apfel*, 186 F.3d 422, 429 (3d. Cir. 1999)). "[T]he ALJ is not required to supply a comprehensive explanation for the rejection of evidence; in most cases, a sentence or short paragraph would probably suffice." *Cotter v. Harris*, 650 F.2d 481, 482 (3d Cir. 1981).  Absent

4

such articulation, the Court "cannot tell if significant probative evidence was not credited or simply ignored." *Id.* at 705. As the Third Circuit explains:

> Unless the [ALJ] has analyzed all evidence and has sufficiently explained the weight [s/]he has given to obviously probative exhibits, to say that [the] decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational.

*Gober*, 574 F.2d at 776; *see Schonewolf*, 972 F. Supp. at 284-85.

Following review of the entire record on appeal from a denial of benefits, the Court can enter "a judgment affirming, modifying, or reversing the decision of the [Commissioner], with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Remand is appropriate if the record is incomplete or if the ALJ's decision lacks adequate reasoning or contains illogical or contradictory findings. *See Burnett*, 220 F.3d at 119-20; *Podedworny v. Harris*, 745 F.2d 210, 221-22 (3d Cir. 1984). Remand is also appropriate if the ALJ's findings are not the product of a complete review which "explicitly weigh[s] all relevant, probative and available evidence" in the record. *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994) (internal quotation marks omitted); *see A.B. on Behalf of Y.F. v. Colvin*, 166 F. Supp.3d 512, 518 (D.N.J. 2016). A decision to "award benefits should be made only when the administrative record of the case has been fully developed and when substantial evidence on the record as a whole indicates that the claimant is disabled and entitled to benefits." *Podedworny*, 745 F.2d at 221-22 (citation and quotation omitted); *see A.B.*, 166 F. Supp.3d at 518.

### B. Sequential Evaluation Process

The Social Security Act establishes a five-step sequential evaluation process for determining whether a plaintiff is disabled within the meaning of the statute. 20 C.F.R. § 404.1520(a)(4). "The claimant bears the burden of proof at steps one through four, and the

Commissioner bears the burden of proof at step five." *Smith v. Comm'r of Soc. Sec.*, 631 F.3d 632, 634 (3d Cir. 2010) (citing *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 92 (3d Cir. 2007)).

At step one, the ALJ determines whether the plaintiff is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b).  If so, then the inquiry ends because the plaintiff is not disabled.

At step two, the ALJ decides whether the plaintiff has a "severe impairment" or combination of impairments that "significantly limits [the plaintiff's] physical or mental ability to do basic work activities[.]" 20 C.F.R. § 404.1520(c). If the plaintiff does not have a severe impairment or combination of impairments, then the inquiry ends because the plaintiff is not disabled.  Otherwise, the ALJ proceeds to step three.

At step three, the ALJ decides whether the plaintiff's impairment or combination of impairments "meets" or "medically equals" the severity of an impairment in the Listing of Impairments ("Listing") found at 20 C.F.R. § 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(d). If so, then the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least 12 months. *Id.* at § 404.1509. Otherwise, the ALJ proceeds to step four.

At step four, the ALJ must determine the plaintiff's residual functional capacity ("RFC") and determine whether the plaintiff can perform past relevant work. 20 C.F.R. § 404.1520(e), (f). If the plaintiff can perform past relevant work, then the inquiry ends because the plaintiff is not disabled. Otherwise, the ALJ proceeds to the final step.

At step five, the ALJ must decide whether the plaintiff, considering the plaintiff's RFC, age, education, and work experience, can perform other jobs that exist in significant numbers in the national economy. 20 C.F.R. § 404.1520(g). If the ALJ determines that the plaintiff can do

so, then the plaintiff is not disabled. Otherwise, the plaintiff is presumed to be disabled if the impairment or combination of impairments has lasted or is expected to last for a continuous period of at least twelve months.

### III.   ALJ DECISION AND APPELLATE ISSUES

Plaintiff was 47 years old on March 18, 2018, his alleged disability onset date. R. 42. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity between that date and the date of the decision. R. 35.

At step two, the ALJ found that Plaintiff suffered from the following severe impairments: atrial fibrillation, hypertrophic obstructive cardiomyopathy, obesity, anxiety, and depression. R. 36.  The ALJ also found that hypertension; obstructive sleep apnea; and gout were not severe impairments. *Id*.

At step three, the ALJ found that Plaintiff did not suffer an impairment or combination of impairments that met or medically equaled the severity of any Listing. R. 36–38.

At step four, the ALJ found that Plaintiff had the RFC to perform sedentary work subject to various additional limitations. R. 38–42. The ALJ also found that this RFC did not permit the performance of Plaintiff's past relevant work as a bus driver, dump truck driver, truck driver II, tank truck driver, cable TV installer, retail store manager, and management trainee. R. 42.

At step five and relying on the testimony of the vocational expert, the ALJ found that a significant number of jobs—*i.e.*, approximately 5,000 jobs as an addresser; approximately 31,000 jobs as a microfilming document preparer; approximately 16,000 jobs as a parimutuel ticket tacker—existed in the national economy and could be performed by Plaintiff. R. 43. The ALJ therefore concluded that Plaintiff was not disabled within the meaning of the Social Security Act from March 18, 2018, his alleged disability onset date, through the date of the decision. R. 43–

44.

Plaintiff disagrees with the ALJ's findings at steps two, three, four, and five, in addition to challenging the constitutionality of the appointment of the Commissioner, and asks that the decision be reversed and remanded with directions for the granting of benefits or, alternatively, for further proceedings. *Plaintiff's Memorandum of Law,* ECF No. 14; *Plaintiff's Reply Brief*, ECF No. 19. The Acting Commissioner takes the position that her decision should be affirmed in its entirety because the ALJ's decision correctly applied the governing legal standards, reflected consideration of the entire record, and was supported by sufficient explanation and substantial evidence. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18.

## IV.    SUMMARY OF RELEVANT MEDICAL EVIDENCE

In September 2018, Edward Lee, M.D., Plaintiff's primary care physician, completed a five-page, fill-in-the-blank and check-the-box form entitled, "Internal Medical Report." R. 328–32. Dr. Lee had examined Plaintiff every six months beginning on November 11, 2014, most recently on September 14, 2018. R. 328. Dr. Lee diagnosed hypertrophic cardiomyopathy, paroxysmal atrial fibrillation, gout, and obstructive sleep apnea. *Id*. Plaintiff was 70 inches tall with a then-current weight of 283 pounds and a blood pressure reading of 158/70. *Id*. Dr. Lee noted Plaintiff's history as follows: "Obese male with paroxysmal atrial fibrillation, hypertrophic cardiomyopathy, HTW [hypertriglyceridemic waist], obstructive sleep apnea, diabetes, gout. He had recent gastric sleeve. Complains of Dyspnea fatigue, Palpitations[.]" R. 329 (noting further a history of diabetes and hypertension); *see also* R. 330 (noting history of bariatric surgery, a lap band and removal procedure). Symptoms of Plaintiff's dyspnea were fatigue and palpitations. R. 330; *see also* R. 331 (noting Plaintiff suffers from fatigue and dyspnea, joint pain, and history of anxiety). According to Dr. Lee, Plaintiff could lift and carry no more than 20 pounds, could stand

and/or walk less than two hours per day and could sit less than six hours per day. R. 331. Plaintiff was limited in his ability to push and/or pull due to his fatigue. *Id*. In response to the question whether Plaintiff had any other conditions that limited Plaintiff's ability to do work-related activities, Dr. Lee checked the box marked "Yes[,]" and noted: "Fatigue from his cardiac diagnosis[.] He has joint pain from gout[.] He requires regular use of CPAP machine[.]" *Id*.

## V. DISCUSSION

Plaintiff argues, *inter alia*, that the ALJ erred in evaluating Dr. Lee's opinion, which resulted in a flawed RFC. *Plaintiff's Memorandum of Law*, ECF No. 14, pp. 15–21; *Plaintiff's Reply Brief*, ECF No. 19, p. 6. This Court agrees.

An ALJ must evaluate all record evidence in making a disability determination. *Plummer,* 186 F.3d at 433; *Cotter,* 642 F.2d at 704. The ALJ's decision must include "a clear and satisfactory explication of the basis on which it rests" sufficient to enable a reviewing court "to perform its statutory function of judicial review." *Cotter*, 642 F.2d at 704–05. Specifically, the ALJ must discuss the evidence that supports the decision, the evidence that the ALJ rejected, and explain why the ALJ accepted some evidence but rejected other evidence. *Id*. at 705–06; *Diaz v. Comm'r of Soc. Sec*., 577 F.3d 500, 505–06 (3d Cir. 2009); *Fargnoli v. Massanari*, 247 F.3d 34, 42 (3d Cir. 2001) ("Although we do not expect the ALJ to make reference to every relevant treatment note in a case . . . we do expect the ALJ, as the factfinder, to consider and evaluate the medical evidence in the record consistent with his responsibilities under the regulations and case law."). Without this explanation, "the reviewing court cannot tell if significant probative evidence was not credited or simply ignored." *Cotter,* 642 F.2d at 705; *see also Burnett,* 220 F.3d at 121 (citing *Cotter*, 642 F.2d at 705).

9

For claims filed after March 27, 2017,[4] the regulations eliminated the hierarchy of medical source opinions that gave preference to treating sources. *Compare* 20 C.F.R. § 404.1527 *with* 20 C.F.R. § 404.1520c(a) (providing, *inter alia*, that the Commissioner will no longer "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources"). Instead, the Commissioner will consider the following factors when considering all medical opinions: (1) supportability; (2) consistency; (3) relationship with the claimant, including the length of the treating examination, the frequency of examinations, and the purpose of the treatment relationship; (4) the medical source's specialization; and (5) other factors, including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c).

The regulations emphasize that "the most important factors [that the ALJ and Commissioner] consider when [] evaluat[ing] the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section)." *Id.* at § 404.1520c(a). As to the supportability factor, the regulations provide that "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." *Id.* at § 404.1520c(c)(1). As to the consistency factor, the regulations provide that "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and

---

[4] As previously noted, Plaintiff's claim was filed on August 31, 2018.

nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." *Id*. at § 404.1520c(c)(2).

The applicable regulations further require the ALJ to articulate his or her "consideration of medical opinions and prior administrative medical findings" and articulate in the "determination or decision how persuasive [he or she] find[s] all of the medical opinions and all of the prior administrative medical findings in [the claimant's] case record." *Id*. at § 404.1520c(b). "Specifically, the ALJ must explain how he [or she] considered the 'supportability' and 'consistency' factors for a medical source's opinion. . . . The ALJ may—but is not required to—explain how he [or she] considered the remaining factors." *Michelle K. v. Comm'r of Soc. Sec.*, No. 1:19-CV-01567, 2021 WL 1044262, at *4 (W.D.N.Y. Mar. 19, 2021) (citing 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2)).

At step four of the sequential evaluation process, the ALJ found that Plaintiff had the RFC to perform a limited range of sedentary work:

> After careful consideration of the entire record, I find that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) except that he can occasionally climb ramps and stairs, but never climb ladders, ropes, and scaffolds. The claimant can occasionally balance, stoop, crouch, kneel, and crawl. He should avoid concentrated exposure to extreme cold, extreme heat, and wetness or humidity, as well as all exposure to unprotected heights. The claimant is limited to work in a low-stress job, which is defined as having only occasional decision-making required and only occasional changes in the work setting. The claimant should have only occasional interaction with the public, and only occasional supervision.

R. 38. In reaching this determination, the ALJ found, *inter alia*, that Dr. Lee's opinion was not persuasive, reasoning as follows:

> In April 2018, Dr. Lee opined that the claimant could lift 20 pounds, but could sit less than six hours and stand and walk less than two hours in an eight-hour workday, and he had limited ability to push and pull due to fatigue (Ex. 1F). I do not find Dr. Lee's opinion persuasive. Although Dr. Lee has a treating relationship with the

11

>claimant, his opinion is extreme and not supported by the claimant's activities, as discussed above.

R. 41.

Plaintiff challenges the ALJ's consideration of Dr. Lee's opinion, arguing, *inter alia*, that the consideration is conclusory and fails to comply with the regulatory requirements. *Plaintiff's Memorandum of Law*, ECF No. 14, p. 19; *Plaintiff's Reply Brief*, ECF No. 19, p. 6. Plaintiff also contends that the purported basis for rejecting Dr. Lee's opinion – that the opinion was "not supported by Plaintiff's activities"–"is not actually based in the evidence." *Plaintiff's Memorandum of Law*, ECF No. 14, p. 19. Plaintiff insists that Dr. Lee's opinion is consistent with his own treatment notes and other opinion evidence in the record. *Id*. at 19; *Plaintiff's Reply Brief*, ECF No. 19, p. 6. In response, the Acting Commissioner generally argues in conclusory fashion that substantial evidence supports the ALJ's determination. *Defendant's Brief Pursuant to Local Civil Rule 9.1*, ECF No. 18, pp. 21–22.

The Acting Commissioner's argument is not well taken. As quoted above, the ALJ simply concluded that Dr. Lee's opinion was "not supported by the claimant's activities, as discussed above." R. 41. The ALJ provides no citation to any of these "activities," nor does he explain how these "activities" fail to support Dr. Lee's opinion. The ALJ's failure in this regard impedes the Court's ability to follow the ALJ's reasoning, particularly where the ALJ cited to Plaintiff's "activities" when concluding that Plaintiff was <u>more</u> restricted than opined by the reviewing medical state agency consultants. R. 40–41 (finding these consultants' opinions that, *inter alia*, Plaintiff could perform light work was only "somewhat persuasive" and, "considering the severity of the claimant's cardiovascular impairments, as well as his *activities* and subjective complaints, I conclude that a limitation to sedentary work is more appropriate") (emphasis added). In any event, other than Plaintiff's "activities," the ALJ did not explain how he

considered the other record evidence, including Dr. Lee's own progress notes, R. 1447–1611, and Dr. Lee's explanations supporting the opinion, R. 328–32. *See* R. 41; *see also Sanford v. Comm'r of Soc. Sec.*, No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014) ("The Third Circuit has held that access to the Commissioner's reasoning is [ ] essential to a meaningful court review.") (citing *Gober v. Matthews*, 574 F.2d 772, 776 (3d Cir. 1978)).

Notably, the ALJ also failed to explain how he considered the required factor of consistency. *See id*. It is true that a procedural error in failing to expressly consider this required factor may be harmless if the Court can "glean" how the ALJ considered the consistency of the opinion and if a "searching review" of the record confirms that the ALJ did not violate the applicable regulations. *See Loucks v. Kijakazi*, No. 21-1749, 2022 WL 2189293, at *2 (2d Cir. June 17, 2022) (stating that "the ALJ committed procedural error by failing to explain how it considered the supportability and consistency of medical opinions in the record[,]" but that "[d]espite the ALJ's procedural error, we could affirm if 'a searching review of the record' assures us 'that the substance of the [regulation] was not traversed'") (quoting *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019)) (cleaned up). However, in the present case, it is not immediately apparent to the Court how Dr. Lee's opinion, R. 331, is inconsistent with, *inter alia*, the opinion of Brian Drachman, M.D., Plaintiff's treating cardiologist, that Plaintiff could, *inter alia*, work only four hours a day and stand or sit for only two hours at a time, R. 700, 704.

The new regulation imposed a "minimum level of articulation" by an ALJ in connection with the evaluation of medical opinions. 82 FR 5844-01. An ALJ's failure to meet that standard prevents this Court from determining whether his determination was supported by substantial evidence. *See Brownsberger v. Kizakazi*, No. 3:20-CV-01426, 2022 WL 178819, at *6–7 (M.D. Pa. Jan. 18, 2022) (finding that substantial evidence did not support the ALJ's assessment of

13

medical opinions where the ALJ "makes no effort to compare or support their opinions with the record. . . . The ALJ does not provide any citations to specific evidence on the record to explain his reasoning and does not explain how he evaluated the opinions regarding the supportability and consistency factors").

Furthermore, the Court cannot conclude that the ALJ's failure to explain his evaluation of Dr. Lee's opinion is harmless. This is particularly so where Dr. Lee opined that Plaintiff could stand and/or walk for less than two hours a day and could sit for less than six hours per day, R. 331, but the RFC does not reflect these limitations. R. 38; *see also* SSR 83-10 (stating that, for sedentary work, "periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday").

This Court therefore concludes that remand of the matter for further consideration of these issues is appropriate.[5] Moreover, remand is appropriate even if, upon further examination of Dr. Lee's opinion and the RFC determination, the ALJ again concludes that Plaintiff is not entitled to benefits. *Cf. Zuschlag v. Comm'r of Soc. Sec. Admin.*, No. 18-CV-1949, 2020 WL 5525578, at *8 (D.N.J. Sept. 15, 2020) ("On remand, the ALJ may reach the same conclusion, but it must be based on a proper foundation."); *Jiminez v. Comm'r of Soc. Sec.*, No. CV 19-12662, 2020 WL 5105232, at *4 (D.N.J. Aug. 28, 2020) ("Once more, the ALJ did not provide an adequate explanation that would enable meaningful review, and the Court once more cannot determine what role lay speculation played in the ALJ's rejection of this detailed functional assessment from Dr. Marks."); *Cassidy v. Colvin*, No. 2:13-1203, 2014 WL 2041734, at *10 n.3

---

[5] Plaintiff asserts several other errors in the Commissioner's final decision. Because the Court concludes that the matter must be remanded for further consideration of Dr. Lee's opinion and the RFC determination, the Court does not consider those claims.

(W.D. Pa. May 16, 2014) ("Nevertheless, that the ALJ may have misinterpreted or misunderstood Dr. Kaplan's findings with regard to Plaintiff's postural activities does not absolve her of her error. Rather, it highlights the need for an ALJ to fully explain her findings. Otherwise, the district court is left to engage in this sort of speculation about how an ALJ arrived at her decision.").

## VI. CONCLUSION

For these reasons, the Court **REVERSES** the Commissioner's decision and **REMANDS** the matter for further proceedings consistent with this *Opinion and Order*.

The Court will issue a separate Order issuing final judgment pursuant to Sentence 4 of 42 U.S.C. § 405(g).

**IT IS SO ORDERED.**


Date:  January 18, 2023               *s/Norah McCann King*
                                       NORAH McCANN KING
                                 UNITED STATES MAGISTRATE JUDGE